PETERSON, Chief Judge.
Sandra Books classifies the issue on appeal as a narrow one — whether the Unemployment Appeals Commission referee erred in refusing to allow her to present her entire case, and in subsequently finding that she left her employment voluntarily. We do not find that the record reflects that Books was prevented from presenting her case in any manner that she desired.
In support of her allegation, Books singles out the following colloquy at the hearing before the referee:
Q. (By referee) According to your pre-hearing statement you quit the job, is that correct?
A. (By Books) Well, yes and no.
Q. Okay, why did you indicate on the pre-hearing statement that you quit the job if it’s a no?
A. Well, the thing is is [sic] I had resigned and then before—
Q. Okay, that’s — that’s all I need to know.
This exchange appears on page seven of the record and occurred when the referee first began obtaining the facts from Books. Books had indicated at the outset of the hearing that she was being represented by Larry Bridgham, who was also to be a witness and who was Books’ supervisor while she was employed by the employer in issue. Bridgham was not an attorney. After Books and Bridgham had testified, the referee asked Bridgham, at pages 31 and 32 of the record, if he wished to provide any other information or obtain any from Books. Bridgham answered in the negative and was then given the opportunity to make a closing statement.
Books’ allegation that she was unable to present her entire case is completely without merit: the record indicates that the referee conducted the hearing in a manner that would pass the highest standard of due process. The record also reflects facts that would place in question whether Books’ resignation from her employ was withdrawn, but that issue was resolved against her and the record supports that decision.
AFFIRMED.
COBB and GOSHORN, JJ., concur.